# W. L. Lance and De Haven Lance, Impleaded, etc., Plffs. in Err., v. Cumberland Dugan.

Full faith and credit must be given to the transcript of the record of the courts of a sister state, and where such record shows on its face that the court in which an action was tried had jurisdiction of the parties to the suit through a service of its writ upon them, its judgment must be taken by the courts of this state as *juris et de jure*.

(Argued April 2, 1888. Decided May 7, 1888.)

January Term, 1888, No. 99, E. D., before GORDON, Ch. J.,

Cited in Price v. Schaeffer, 161 Pa. 530, 535, 25 L. R. A. 699, 29 Atl. 279; and in Home Friendly Soc. v. Tyler, 12 Pa. Co. Ct. 623, 624, 2 Pa. Dist. R. 693.

NOTE.—The earlier authorities are in conflict in Pennsylvania as to the right to impeach the jurisdiction of the court of a sister state in which a judgment has been rendered. The rule as laid down in LANCE v. DUGAN and earlier cases has now been discarded. Price v. Schaeffer, 161 Pa. 530, 25 L. R. A. 699, 29 Atl. 279; Wissler v. Herr, 162 Pa. 552, 29 Atl. 862; Jones v. Quaker City Mut. F. Ins. Co. 9 Pa. Dist. R. 213, 23 Pa. Co. Ct. 529; Com. v. Bolich, 18 Pa. Co. Ct. 401; Re Rust, 177 Pa. 340, 35 Atl. 623. But the record showing jurisdiction is prima facie evidence of it. Mink v. Shaffer, 124 Pa. 280, 16 Atl. 805.

PAXSON, STERRETT, GREEN, CLARK, and WILLIAMS, JJ. Error to the Common Pleas No. 4 of Philadelphia County to review a judgment in favor of plaintiff rendered upon a judgment of the circuit court of Norfolk county, Virginia, in an action of debt upon a promissory note, September Term, 1886, No. 174. Affirmed.

A certified copy of the record from the circuit court of Norfolk county, Virginia, showing that judgment had been rendered therein for plaintiff, was filed by plaintiff, in an action brought against defendants, in the court below, and the defendants filed the following affidavit of defense thereto:

W. L. Lance, being duly sworn, says he has a just and legal defense to the whole of the plaintiff's claim herein as follows, to wit, deponent believes and avers that the whole of plaintiff's claim has been paid in full and that deponent is not indebted to the plaintiff in the amount sued for, nor any other amount whatever. Deponent and others in the year 1873 did business at Norfolk, in the state of Virginia, and conducted and prosecuted same for a period of three years, under the name and style (*inter alia*) of Lance & Sons, and the Norfolk Manufacturing Company. Defendants became involved in litigation and on application a receiver was appointed by the proper court and under his appointment the said receiver, by virtue thereof and an order from the proper court, demanded, seized, and took possession of all the effects and property, personal and otherwise, of defendants, aggregating in value between $20,000 and $30,000 and totally and wholly excluded and deprived deponent thereof and therefrom. The plaintiff and all others having had dealings or transactions of any kind or description with defendants were apprised of these facts and proceedings and were duly and properly notified, and advised to make presentment of all claims and demands of every kind and character, if any they had against defendants, to said receiver for adjustment and payment. Defendant avers that at the time aforesaid the said receiver had sufficient and ample estate and property of defendants in his hands and possession to pay off and satisfy all debts, claims, and demands, including claims in suit due and owing by defendants and thereafter still leave a balance and surplus remaining in his (the receiver's) hands in favor of defendants. Deponent believes that said claim herein was paid and satisfied

in full by the said receiver aforesaid. Deponent avers that he had no knowledge, intimation, or information, at the time said suit (as disclosed by copy of record filed herein) had been brought and instituted as in said record appears; that no summons, notice, or process of any kind whatever was ever served upon him to appear therein, to answer same; nor was he ever aware, notified, advised, or apprised of said suit and proceedings aforesaid; nor the entering of the judgment against him therein, until the bringing of this present suit in this honorable court at Philadelphia. Defendants believed and still believe that all the claims and demands against them including alleged claim in suit have been fully adjusted, paid off, and satisfied by said receiver aforesaid, and that they are not indebted to plaintiff in any amount whatever. All of which facts defendants expect to be able to prove upon the trial of this cause.

The court below entered judgment against the defendants for want of a sufficient affidavit of defense, and this was assigned as error.

*W. H. Redheffer,* for plaintiffs in error.—Justice SHARSWOOD, in Guthrie v. Lowry, 84 Pa. 533 (in which case there was an appearance by counsel), said, *inter alia:* "Whatever doubts may have been at one time entertained and expressed it is now an incontrovertible position that in an action upon a judgment of the court of a sister state the record may be contradicted by evidence of facts impeaching the jurisdiction of the court by which the judgment was rendered." See also Williamson v. Berry, 8 How. 540, 12 L. ed. 1189; Thompson v. Whitman, 18 Wall. 457, 21 L. ed. 897; Knowles v. Logansport Gaslight & Coke Co. 19 Wall. 59, 22 L. ed. 70; Hill v. Mendenhall, 21 Wall. 453, 22 L. ed. 616; Noble v. Thompson Oil Co. 79 Pa. 354, 21 Am. Rep. 66.

A foreign judgment is conclusive as to the merits, if the court which pronounced it had jurisdiction of the cause and parties. Lazier v. Westcott, 26 N. Y. 146, 82 Am. Dec. 404.

Although it may be impeached by proof that the defendant was not subject to the jurisdiction of the court. Ferguson v. Mahon, 11 Ad. & El. 179.

It is essential to the validity of a judgment of another state that the court shall have jurisdiction (Thompson v. Whitman,

18 Wall. 457, 21 L. ed. 897); and the tribunal which is asked to enforce the judgment may inquire into the jurisdiction of the original form. Pennywit v. Foote, 27 Ohio St. 600, 22 Am. Rep. 340; Folger v. Columbian Ins. Co. 99 Mass. 267, 96 Am. Dec. 747; Stacy v. Thrasher, 6 How. 44, 12 L. ed. 337.

It is established (overruling Wetherill v. Stillman, 65 Pa. 105), that one who is sued on the judgment of another state may show that he did not appear and was not served with process, although the record contains a recital of such service or appearance. Starbuck v. Murray, 5 Wend. 148, 21 Am. Dec. 172; Pennoyer v. Neff, 95 U. S. 714, 24 L. ed. 565; Knowles v. Logansport Gaslight & Coke Co. 19 Wall. 59, 22 L. ed. 70.

A tribunal which decides without hearing the defendant, or giving him an opportunity to be heard, cannot claim for its decrees the weight of a judicial sentence. 1 Smith, Lead. Cas. pt. 2, ed. 1872, p. 1118–1120. See also Capel v. Child, 2 Cromp. & J. 558; Bloom v. Burdick, 1 Hill, 130–140, 37 Am. Dec. 299; Story, Confl. L.; Chief Justice Marshall in The Mary, 9 Cranch, 126–144, 3 L. ed. 678, 684; Galpin v. Page, 3 Sawy. 93, Fed. Cas. No. 5,206; Picquet v. Swan, 5 Mason, 43, Fed. Cas. No. 11,134; Cooley, Const. Lim. p. 404; Hare & W. notes to 1 Smith, Lead. Cas. p. 838; Hess v. Cole, 23 N. J. L. 116; Boswell v. Otis, 9 How. 348, 13 L. ed. 169.

Though the record shows a return of personal service upon the defendants it may be disproved in an action on the judgment, to show want of jurisdiction. Knowles v. Logansport Gaslight & Coke Co. 19 Wall. 59, 22 L. ed. 70, and Starbuck v. Murray, 5 Wend. 148; Board of Public Works v. Columbia College, 17 Wall. 521, 21 L. ed. 687.

Judgments of other states are open to inquiry as to the jurisdiction of the court, and notice to the defendant. D'Arcy v. Ketchum, 11 How. 165, 13 L. ed. 648; and Webster v. Reid, 11 How. 437, 13 L. ed. 761; Borden v. Fitch, 15 Johns. 121, 8 Am. Dec. 225; Benton v. Burgot, 10 Serg. & R. 241.

The common pleas No. 4 of Philadelphia, in two similar cases, to wit, Scarborough v. Lance, C. P. No. 4, September term, 1886, Nos. 170, 171, on similar affidavits of defense (as filed herein) discharged rules for judgment.

In Dorsey v. Dorsey, 7 Watts, 350, 32 Am. Dec. 767. GIBSON, Ch. J., says: "It is conclusive that the person of the transgressor was not subject to our jurisdiction . . .; for an

attempt to bind him without it, or without hearing or notice, would be extravagant."

LEWIS, Ch. J., in Rogers v. Burns, 27 Pa. 527, said: It is a well-settled principle of law, that "where the state has no authority over the person of the defendant, the judgments rendered by its judicial tribunals, though conformable to its legislative enactments, can have no extraterritorial operation." See also Steel v. Smith, 7 Watts & S. 451; Story, Const. par. 1307; Bissell v. Briggs, 9 Mass. 462, 6 Am. Dec. 88; Shumway v. Stillman, 4 Cow. 292, 15 Am. Dec. 374; Borden v. Fitch, 15 Johns. 121, 8 Am. Dec. 225.

A judgment recovered against a nonresident without notice is entitled to no faith or credit out of the state in which it was rendered. D'Arcy v. Ketchum, 11 How. 165, 13 L. ed. 648; Sumner v. Marcy, 3 Woodb. & M. 105, Fed. Cas. No. 13,609; Lincoln v. Tower, 2 McLean, 473, Fed. Cas. No. 8,355; Westerwelt v. Lewis, 2 McLean, 511, Fed. Cas. No. 17,446.

So far has this principle been extended that it is ruled that in an action on the judgment of a court of another state, the defendant may plead that he was not served with process in the jurisdiction. Wilson v. Graham, 4 Wash. C. C. 53, Fed. Cas. No. 17,804; 6 McLean, 1; 2 McLean, 473 and 511; 4 McLean, 96.

(No brief was filed for defendant in error).

PER CURIAM:

There is nothing in the affidavit of defense which should have prevented the court from entering judgment against the defendants. Full faith and credit must be given to the transcript of the record of the Virginia court, and as that record shows on its face that the circuit court had jurisdiction of the defendants through a service of its writ upon them, its judgment must be taken by the courts of the state as *juris et de jure.*

The judgment is affirmed.